**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER (AMENDED)** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nathan David McKenzie, | ) | Case Nos. 4:13-cr-066-3 and 4:13-cr-083-1 |
| | ) | |
| Defendant. | ) | |

On February 7, 2014, defendant entered guilty pleas in the above-captioned cases. On July 17, 2014, the court revoked defendant's pre-sentence release given evidence of his continued use of controlled substances and in light of his parents' demand that the Pretrial Services Office remove him from their residence in Trenton, North Dakota.

On August 27, 2014, defendant filed motions for release to a residential facility pending sentencing. The court denied the motions, citing defendant's poor performance while on release and space constraints at the residential facility.

On December 10, 2014, defendant filed motions for release to his parent's residence pending sentencing. He advises that he has secured his parents approval to move back into their residence.

On December 10, 2014, defendant filed a response in opposition to defendant's motions for release back to his parent's residence. It avers that the court is required by 18 U.S.C. § 3143(a)(2)to detain defendant pending sentencing. It further advises the court of the Pretrial Services Office's reluctance to reinstitute a home confinement program at defendant's parent's residence given the previously difficulties encountered and resources expended when supervising defendant.

Although defendant may have secured his parent's permission to return to their residence,

1

the court is not inclined to grant his request for release on conditions.  First, defendant is no longer afforded the presumption of innocence in light of the pleas he has entered in each case.  Second, the application of 18 U.S.C. § 3143(a)(2) in defendants' cases mandates detention.  Third, the release of defendant to his parent's residence is not otherwise warranted given his poor performance and the difficulties previously encountered by the Pretrial Services office when monitoring defendant at such a remote location.  Finally, there have been no material change in circumstances to warrant release at this time.  Defendants' motions (Case No. 4:13-cr-066, Docket No. 735; Case No. 4:13-cr-83, Docket No. 73) are therefore **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 8th day of January, 2015.

    */s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court